UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| INSULET CORPORATION, : <br> : <br> *Plaintiff*, : <br> : <br> v. : <br> : <br> EOFLOW CO., LTD.; EOFLOW, INC.; : <br> FLEX, LTD.; FLEXTRONICS : <br> CORPORATION; FLEXTRONICS : <br> MEDICAL SALES AND MARKETING, : <br> LTD.; LUIS J. MALAVE; STEVEN : <br> DIIANNI; and IAN G. WELSFORD, : <br> : <br> *Defendants*. : <br> _____ : | Case No. 1:23-cv-11780-FDS |

**[PROPOSED] ORDER GRANTING TEMPORARY RESTRAINING ORDER / PRELIMINARY INJUNCTION**

Before the Court is Plaintiff Insulet Corporation's Motion for Temporary Restraining Order and Preliminary Injunction ("Motion") to preliminarily enjoin Defendants EOFlow Co., Ltd., and EOFlow, Inc., (together "EOFlow"). The Motion has been fully briefed and the Court heard argument on _____. Upon consideration of the Motion and the parties' respective positions, the Court finds there to be good cause for granting Insulet's Motion and that as a matter of this Court's equitable powers, one should issue.

Good cause having been shown, the Court finds that:

1. Insulet has demonstrated a likelihood of success on the merits of its claim that EOFlow is liable for misappropriation of Insulet's trade secrets under the Defend Trade Secrets Act, 18 U.S.C. § 1836;

2. Insulet has demonstrated that it is likely to suffer irreparable harm if a preliminary injunction is not granted;

3. Insulet has demonstrated that the balance of hardships tip in its favor; and

4. Insulet has demonstrated that an injunction is in the public's interest.

It is thereby ORDERED that Insulet's Motion be GRANTED.  It is further ORDERED that:

5. Defendants EOFlow Co., Ltd., and EOFlow, Inc., are hereby ORDERED ENJOINED and RESTRAINED from, by any means whatsoever, further disclosing product or manufacturing technical information related to the EOPatch or Omnipod products, including (1) the design drawings and specifications for the products' physical components and their sub-assemblies; (2) the manufacturing and quality control instructions for each component and assembly; (3) revision histories and failure modes for each component design; (4) the bill of materials and lists of vendor pricing and capabilities for sourcing of components and raw materials; (5) process validation procedures, and (6) the software specifications for the device software, especially the occlusion detection algorithm) to any third party, including without limitation to any Medtronic entity or its personnel or any other EOFlow joint-venture partner entity or its personnel.

6. Pursuant to Fed. R. Civ. P. 65(d)(2), the Court also hereby ORDERS that EOFlow's officers, agents, servants, employees, attorneys, as well as any other persons who are in active concert or participation with any of the foregoing, are also hereby ENJOINED and RESTRAINED from engaging in the same conduct set forth in the preceding paragraph of this Order.

7. Within seven days of the issuance of this Court's Order, EOFlow shall file on the public docket a proof of service of this Order on Medtronic plc and any and all persons or entities that EOFlow has actual or constructive knowledge of having already received the information identified in Paragraph 7 of this Order via EOFlow, or its officers, agents, servants, employees, attorneys, as well as any other persons who are in active concert or participation with any of the foregoing.

Dated:

                                                _____
Hon. F. Dennis Saylor
United States Chief District Judge