IN UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| INSULET CORPORATION,<br><br>    Plaintiff,<br><br>    v.<br><br>EOFLOW CO., LTD.; EOFLOW, INC.; FLEX, LTD.; FLEXTRONICS CORPORATION; FLEXTRONICS MEDICAL SALES AND MARKETING, LTD.; LUIS J. MALAVE; STEVEN DIIANNI; and IAN G. WELSFORD,<br><br>    Defendants. | Case No. 23-cv-11780 |

**EOFLOW AND INDIVIDUAL DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS COUNT XIII**

**TABLE OF CONTENTS**

**Page**

INTRODUCTION ...........................................................................................................................1
RELEVANT FACTUAL BACKGROUND....................................................................................1
LEGAL STANDARD.....................................................................................................................2
ARGUMENT..................................................................................................................................2

I.  THE COMPLAINT FAILS TO STATE A CLAIM UNDER CH. 93A AGAINST THE INDIVIDUAL DEFENDANTS. ................................................................................3

   A.  The 93A Allegations Against the Individual Defendants Arise out of Their Employment Relationships with Insulet. ...............................................................3

   B.  The Complaint Does Not Plausibly Allege That the Individual Defendants Are Engaged in Trade or Commerce as Employees of EOFlow. ...........................5

II. THE COMPLAINT FAILS TO STATE A CLAIM UNDER CHAPTER. 93A AGAINST THE EOFLOW DEFENDANTS. ...................................................................7

CONCLUSION...............................................................................................................................9

## INTRODUCTION

Defendants EOFlow Co., Ltd., EOFlow, Inc. ("EOFlow" or "the EOFlow Defendants"), Luis J. Malave, Ian G. Welsford, and Steven DiIanni ("the Individual Defendants") bring this motion to dismiss Plaintiff Insulet Corporation ("Insulet")'s claim that the EOFlow Defendants and Individual Defendants violated Mass. Gen. L. ch. 93A. Insulet fails to state a claim against the Individual Defendants under ch. 93A because it fails to allege plausibly that the Individual Defendants are themselves engaged in trade or commerce in the manner the statute requires. Insulet's ch. 93A claim against the EOFlow Defendants should likewise be dismissed because Insulet has not plausibly alleged that the conduct underlying the claim against the EOFlow Defendants occurred primarily and substantially in Massachusetts.

## RELEVANT FACTUAL BACKGROUND

EOFlow Ltd. is a publicly traded Korean corporation with a principal place of business in Seongman-si, Korea. Compl. at ¶ 15. EOFlow Inc. is a Delaware corporation with its principal place of business in California. *Id.* at ¶ 16. The Individual Defendants are each former employees of Insulet. *Id.* at ¶¶ 17-19. Mr. Malave left Insulet in 2010, later becoming the president of EOFlow Inc. in 2017 and eventually CEO of SanPlena, LLC, an EOFlow subsidiary. *Id.* at ¶ 17. Mr. Welsford also left Insulet in 2010 and later went to work for EOFlow, starting as its Chief Compliance Officer in 2018 and eventually becoming CEO of Nephria Bio, Inc., another EOFlow subsidiary. *Id.* at ¶ 19. Mr. DiIanni left Insulet in 2015 and began to work for EOFlow in 2018, but as a consultant rather than an employee. *Id.* at ¶ 18.

Insulet alleges that the Individual Defendants, in leaving Insulet, each took with them valuable trade secret information and later used that information to help EOFlow develop a product to compete with Insulet's Omnipod. *Id.* at ¶¶ 76, 216. While alleging that the harm was felt principally in Massachusetts, Insulet does not allege any specific conduct by EOFlow that took

1

place in Massachusetts in relation to the alleged trade secret misappropriation. *See id*. at ¶¶ 215-16. As for the Individual Defendants, Insulet does not allege that they engaged in any commercial activities other than working or consulting at Insulet, EOFlow, and/or EOFlow's subsidiaries. *See id*. at ¶¶ 17-19.

## LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Although a Court must "'accept as true the complaint's well-pleaded factual allegations' and 'draw all reasonable inferences in favor of the non-moving party,'" *Cheng v. Neumann*, 51 F.4th 438, 443 (1st Cir. 2022) (quoting *McKee v. Cosby*, 874 F.3d 54, 59 (1st Cir. 2017)), it does not credit "'conclusory legal allegations' [or] factual allegations that are 'too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture,'" *Douglas v. Hirshon*, 63 F.4th 49, 55 (1st Cir. 2023) (quoting *Legal Sea Foods, LLC v. Strathmore Ins. Co.*, 36 F.4th 29, 33 (1st Cir. 2022)). "[A]n action can be dismissed on the basis of an affirmative defense" if the defense is "conclusively establish[ed]" "from the allegations of the complaint, the documents (if any) incorporated therein, matters of public record, and other matters of which the court may take judicial notice." *In re Colonial Mortg. Bankers Corp.*, 324 F.3d 12, 16 (1st Cir. 2003).

## ARGUMENT

Insulet's ch. 93A claim (Count XIII) is legally insufficient. With respect to the Individual Defendants, Insulet's ch. 93A claim fails because (1) the allegations arise out of an employment

2

relationship, precluding ch. 93A liability, and (2) the Complaint fails to allege plausibly that the Individual Defendants are themselves engaged in trade or commerce. With respect to the EOFlow Defendants, Insulet fails to allege plausibly that the challenged EOFlow Defendants' conduct occurred primarily and substantially in Massachusetts.

## I. THE COMPLAINT FAILS TO STATE A CLAIM UNDER CH. 93A AGAINST THE INDIVIDUAL DEFENDANTS.

### A. The 93A Allegations Against the Individual Defendants Arise out of Their Employment Relationships with Insulet.

It is black letter law that a dispute "arising out of" an employment relationship between the plaintiff and defendant is outside the scope of ch. 93A. *Manning v. Zuckerman*, 388 Mass. 8, 11-12 (1983) (denying a Chapter 93A claim because the defendants' acts "arose out of [an employment] relationship … and not in an arms-length commercial transaction between distinct business entities"); *Rafferty v. Merck & Co.*, 479 Mass. 141, 162 n.7 (2018) ("[C]laims under § 11 require not only that the defendant's conduct occur in 'trade or commerce' but also that there be a commercial transaction between the parties."); *Americus Mortg. Corp. v. Mark*, 2013 WL 3106018, at *11 (D. Mass. June 17, 2013) ("The Massachusetts 'Legislature did not intend [section 11] to cover … disputes … arising out of the employment relationship.'") (quoting *Manning*, 388 Mass. at 12).

Here, the only allegations against the Individual Defendants arise from their roles as Insulet employees. Insulet has alleged that all three Individual Defendants are its former employees. Compl. ¶¶ 17-19. It has alleged that the Individual Defendants took its trade secrets while serving as Insulet employees. *Id.* at ¶¶ 40-43, 78. And it has not alleged that the Individual Defendants harmed it in any way independent of that relationship. These allegations fail to state a claim under Chapter 93A.

3

Two cases from this district are directly on point. In *Advanced Micro Devices, Inc. v. Feldstein*, the plaintiff brought Chapter 93A claims against former employees, alleging that they misappropriated its trade secrets and used them to help a competitor. 2013 WL 10944934, at *2 (D. Mass. 2013). The court dismissed the plaintiff's Chapter 93A claims, explaining:

> [Plaintiff] has not alleged any facts suggesting that Defendants misappropriated trade secrets through means other than abusing their positions as [plaintiff's] employees. Consequently, the employee/employer relationship is a necessary element of the misappropriation claims. Plaintiff's unfair competition claim is therefore properly barred as a matter of law by the 'intra-enterprise' exception and the motions to dismiss will be allowed.

951 F. Supp. 2d 212, 216 (D. Mass. 2013) (internal citations omitted). Likewise, in *Guest-Tek Interactive Ent., Inc. v. Pullen*, the court dismissed a similar Chapter 93A claim, noting that "because [defendant's] alleged misappropriation of information occurred while he was still employed by [plaintiff], it was not independent of his employment relationship and is not, therefore, covered by Chapter 93A." 665 F. Supp. 2d 42, 46-47 (D. Mass. 2009). The court went on to note that "the primary relationship between the parties was one of employee and employer," which was an additional factor warranting dismissal. *Id.* at 47.

Here, as in *Advanced Micro Devices* and *Guest-Tek Interactive Ent.*, Insulet has not alleged any facts suggesting that the Individual Defendants misappropriated trade secrets through means other than abusing their positions as Insulet employees. On the contrary, Insulet's Complaint alleges that the Individual Defendants did *exactly that*. *See* Compl. ¶¶ 40-43 (detailing the information with which the Individual Defendants were "entrusted" as Insulet employees); *id.* at ¶ 216 (accusing the Individual Defendants of "conspiring" with EOFlow "to breach their Employee Nondisclosure and Development Agreements" by sharing secrets entrusted to them as Insulet employees).

4

Moreover, the parties' former employer-employee affiliation is not just their "primary relationship," as it was in *Guest-Tek*, 665 F. Supp. 2d at 47—it is the *only* relationship that has ever existed between them. *See* Compl. ¶ 7 (introducing Malave, DiIanni, and Welsford as "former Insulet senior executives and critical employees"). Insulet does not allege that it has ever had any other relationship with the Individual Defendants—whether as market competitors, business partners, or "arms-length commercial transact[ors]." *Manning*, 388 Mass. at 11. As a result, Insulet's Chapter 93A claims against the Individual Defendants fail as a matter of law and must be dismissed.

### B. The Complaint Does Not Plausibly Allege That the Individual Defendants Are Engaged in Trade or Commerce as Employees of EOFlow.

An essential element of a Chapter 93A, § 11 claim is a showing that both the plaintiff *and* the defendant are engaged in "trade or commerce." M.G.L. ch. 93A, § 11. A person engages in "trade or commerce" only when offering services "generally … for sale to the public in a business transaction." *See Debnam v. FedEx Home Delivery*, 766 F.3d 93, 96 (1st Cir. 2014) (quoting *Manning*, 388 Mass. at 13). Thus, a person who participates in the marketplace only by selling his or her labor to a single buyer—whether as an employee or as an independent contractor—does not engage in "trade or commerce" and cannot be party to a claim under ch. 93A, § 11. *See id.* at 98 (finding that the plaintiff's complaint "does not plausibly support a conclusion that [he] engaged in trade or commerce by offering services for sale to the public" because "[plaintiff's] business was devoted entirely to providing delivery services to [one company] alone").

Insulet's Complaint only mentions ch. 93A's "trade or commerce" requirement once, stating in conclusory fashion that "the parties are engaged in trade or commerce for purposes of M.G.L. ch. 93A, § 11." Compl. ¶ 213. Such "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

5

Nor does the rest of the Complaint contain "factual content that allows the court to draw the reasonable inference that" the Individual Defendants are engaged in trade or commerce. *Id.* Indeed, with respect to Mr. Malave and Mr. Welsford, the Complaint's allegations ***foreclose***, as a matter of law, any such finding. The Complaint expressly refers to Mr. Malave and Mr. Welsford as "EOFlow's chief officers and ***employees***." Compl. ¶ 216 (emphasis added). But "the services contemplated by [the] definition [of trade or commerce] are … ***not those services sold by an employee to an employer*** within the same organization." *Manning*, 388 Mass. at 13 (emphasis added). The Complaint does not allege any commercial activities of Mr. Malave or Mr. Welsford that could be construed as "offering services for sale to the public." *Debnam*, 766 F.3d at 98. Therefore, the Complaint fails to properly allege that either Defendant engages in trade or commerce.

As for Mr. DiIanni, although Insulet's Complaint alleges that he works as a "consultant" for EOFlow, Compl. ¶ 18, merely working as an independent contractor does not establish that a person is engaged in trade or commerce. *See McAdams v. Massachusetts Mut. Life Ins. Co.*, 391 F.3d 287, 303 (1st Cir. 2004) (holding that the trade or commerce inquiry "hinge[s] not on the label of 'independent contractor,' but on a fact-specific, case-by-case analysis into the type of relationship that the independent contractor has with the company at issue"). The Complaint alleges no details of Mr. DiIanni's consulting practice, such as how he markets his consulting services, what type of relationships he has with his client or clients, or whether he even works for any clients other than EOFlow. Without such allegations, the Court cannot "draw the reasonable inference," *Iqbal*, 556 U.S. at 678, that Mr. DiIanni "offer[s] services for sale to the public." *Debnam*, 766 F.3d at 98. As a result, the Chapter 93A claims against Mr. DiIanni must be dismissed as well.

## II. THE COMPLAINT FAILS TO STATE A CLAIM UNDER CHAPTER. 93A AGAINST THE EOFLOW DEFENDANTS.

A Chapter 93A claim will lie only if "the actions and transactions constituting the alleged unfair method of competition or the unfair or deceptive act or practice occurred *primarily and substantially* within the Commonwealth." M.G.L. ch. 93A, § 11 (emphasis added). "In making this determination, only the defendant's unfair and deceptive acts are relevant; other contacts with Massachusetts 'do not play a part in this assessment.'" *See Neural Magic, Inc. v. Meta Platforms, Inc.*, -- F.Supp.3d --, 2023 WL 2383172, at *26 (D. Mass. Mar. 6, 2023) (quoting *Armstrong v. White Winston Select Asset Funds, LLC*, 2022 WL 17981392, at *24 (D. Mass. Dec. 27, 2022)). When a plaintiff fails to allege sufficient Massachusetts contacts in the complaint, dismissal is warranted. *See e.g., Lyons v. Gillette*, 882 F. Supp. 2d 217, 234-35 (D. Mass. 2012) (dismissing Chapter 93A claim when the only connection to Massachusetts was the location of plaintiff's company); *Evergreen Partnering Grp., Inc. v. Pactiv Corp.*, 2014 WL 304070, at *5 (D. Mass. Jan. 28, 2014) (dismissing Chapter 93A claim "[w]hen virtually all the conduct that can be said to be unfair or deceptive occur[ed] outside the Commonwealth") (internal quotation marks omitted); *Am. Mgmt. Servs., Inc. v. George S. May Int'l Co.*, 933 F. Supp. 64, 67-68 (D. Mass. 1996) (similar); *Mkt. Masters-Legal v. Parker Waichman Alonso, LLP*, 2011 WL 196929, at *3 (D. Mass. Jan. 20, 2011) (similar).

Here, Insulet fails to allege that the EOFlow Defendants, who are based in Korea and California, committed any act in connection with the alleged trade secret misappropriation in Massachusetts. The only Massachusetts contacts that Insulet alleges are (1) Insulet is based in, allegedly developed the alleged trade secrets in, and allegedly suffered harm in Massachusetts (Compl. ¶ 215); (2) the Individual Defendants either resided in Massachusetts or agreed to jurisdiction in Massachusetts in their employment agreements, and EOFlow conspired with them

7

to breach their agreements (*id.* at ¶ 216); and (3) EOFlow has a "proxy" entity based in Massachusetts (*id.*).  None of these allegations satisfies the ch. 93A requirements.

In *Neural Magic, Inc. v. Meta Platforms, Inc.*, a company based in Massachusetts that developed trade secrets in Massachusetts alleged that a California-based company induced its former employee to breach his employment agreement and misappropriate its trade secrets.  2023 WL 2383172 at *1.  The court nonetheless rejected the Chapter 93A claim against the California company and held the fact "[t]hat [the plaintiff] is a Massachusetts company and [the individual defendant], its former employee, signed his employment contract in Massachusetts does not satisfy the 'primarily and substantially' in Massachusetts requirement," further noting that "the fact that [the plaintiff] suffered some or all of the injury from Defendants' alleged violations of Chapter 93A here" was not sufficient.  *Id.* at *26.  Here, the Complaint's conclusory allegations of harm in Massachusetts are likewise insufficient to state a claim for ch. 93A liability against a South Korean company that does not operate in Massachusetts.  *Id.; see also Evergreen Partnering Grp., Inc.*, 2014 WL 304070, at *5 (dismissing Chapter 93A claim even though the plaintiff's corporate headquarters were located in Massachusetts); *Lyons,* 882 F. Supp. 2d at 234 (dismissing Chapter 93A claim even though the plaintiff's principal place of business was in Massachusetts).

Insulet's claim that EOFlow had a "proxy" entity in Massachusetts (Compl. ¶ 216) is also insufficient to save its Chapter 93A claim against the EOFlow Defendants.  Insulet does not allege that the "proxy" entity was involved in or conspired with any defendant in misappropriating Insulet's trade secrets, which is the basis of Insulet's Chapter 93A claim.  Thus, Insulet's Chapter 93A claim against the EOFlow Defendants should be dismissed.

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court dismiss Count XIII for violations of M.G.L. ch. 93A, § 11 as against the EOFlow and Individual Defendants.

Dated October 13, 2023

/s/ *Patrick Curran*
Patrick Curran (BBO# 568701)
Stacylyn Doore (BBO# 678449)
William Weinreb (BBO# 557826)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
111 Huntington Avenue, Suite 520
Boston, MA 02199
Tel: (617) 712-7100
Fax: (617) 712-7200
patrickcurran@quinnemanuel.com
stacylyndoore@quinnemanuel.com
billweinreb@quinnemanuel.com

Nathan Hamstra (*pro hac vice*)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
191 N. Wacker Drive, Suite 2700
Chicago, Illinois 60606
Tel: (312) 705-7400
Fax: (312) 705-7401
nathanhamstra@quinnemanuel.com

Adam S. Gershenson (BBO #671296)
Michael Sheetz (BBO #548776)
Cooley LLP
500 Boylston Street
Boston, MA 02116-3736
Telephone:   (617) 937-2300
Facsimile:   (617) 937-2400
agershenson@cooley.com
msheetz@cooley.com

*Counsel for Defendants EOFlow Co. Ltd., EOFlow Inc., Luis J. Malave, Steven DiIanni, and Ian G. Welsford*

**LOCAL RULE 7.1 CERTIFICATION**

I certify that Defendants have complied with the provisions of Local Rule 7.1 by conferring with counsel for Plaintiffs. The parties were unable to agree with respect to the issues raised in the Motion to Dismiss, and are thus at an impasse and require the Court's assistance to resolve the dispute.

/s/ *Patrick Curran*
Patrick Curran

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was filed on October 13, 2023 through the ECF System and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

Dated: October 13, 2023

/s/ *Patrick Curran*
Patrick Curran