UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| INSULET CORPORATION, : <br> : <br> *Plaintiff*, : <br> : <br> v. : <br> : <br> EOFLOW CO., LTD.; EOFLOW, INC.; : <br> FLEX, LTD.;  FLEXTRONICS : <br> CORPORATION; FLEXTRONICS : <br> MEDICAL SALES AND MARKETING, : <br> LTD.; LUIS J. MALAVE; STEVEN : <br> DIIANNI; and IAN G. WELSFORD, : <br> : <br> *Defendants*. : <br> _____: | Case No. 1:23-cv-11780-FDS |

**JOINT CASE MANAGEMENT STATEMENT**

Plaintiff Insulet Corporation and Defendants EOFlow Co., Ltd.; EOFlow, Inc.; Luis J. Malave; Steven DiIanni; and Ian G. Welsford (collectively "Defendants") have conferred regarding the matters listed under Local Rule ("L.R.") 16.1 and respectfully submit this Joint Case Management Statement.  In accordance with the Court's suggestions, the parties have agreed to bifurcation of discovery and trial in a manner that limits the scope of proceedings in the first instance to Insulet's claims of trade secret misappropriation and other claims that relate to the same or similar set of facts.

**I.      DISCOVERY PLAN**

A.      Initial Disclosures and Supplemental Trade Secrets Identification (if any): The parties have agreed to exchange the information required by Rule 26(a)(1) of the Federal Rules of Civil Procedure by October 16, 2023, as set forth below in the proposed schedule.  The parties agree that supplemental disclosures under Rule 26(e) will be made promptly after the receipt of the information by the party or counsel and, in any event, no later than the completion of fact

discovery, unless good reason can be shown why such information was not previously available. To the extent Plaintiff intends to serve a supplemental trade secrets identification, it must be served by October 27, 2023.

   B. Use of Discovery from Preliminary Injunction Proceedings: To conserve resources and streamline proceedings, the parties agree that discovery produced and obtained through the preliminary injunction proceedings, including deposition testimony, may be used throughout these proceedings as if produced in the normal course of discovery as provided under the federal rules and the local rules of this district, except for that:

1. The parties are under continuing obligations to supplement their productions with any additional documents identified that are responsive to any of the other parties' preliminary requests for production of documents and things.

2. A witness already deposed during the preliminary injunction proceedings may be deposed again, but for no longer than 4 additional hours on the record in his individual capacity. If the previously-deposed witness is also designated as a corporate representative under Fed. R. Civ. P. 30(b)(6) on a given topic, he may be deposed for up to a total of 7 hours on the record, subject to the limits on total hours of deposition permitted to each party set forth in section I.G (4). below.

   C. Procedures for Expedited Briefing and Review of Discovery Disputes: The parties understand that this case is proceeding to trial on an expedited basis and that the period for fact discovery in this proceeding is short. So that any disputes between the parties as to the scope of discovery may be resolved in a manner that does not delay these proceedings, the parties propose raising with the Court at the Local Rule 16.1 conference options to ensure that discovery disputes can be adjudicated quickly. This may include, subject to the Court's guidance, a standing order

referring all discovery motions to the assigned magistrate judge, time limits for any meet and confers on discovery disputes, and accelerated briefing schedules on any discovery motions.

  D. <u>Electronic Discovery</u>: The parties are negotiating a stipulated electronic discovery agreement, which they anticipate filing with the Court by Monday, October 16, 2023.

  E. <u>Fact Discovery</u>: The parties agree that fact discovery shall be performed on an ongoing basis. The parties agree that each party shall timely serve discovery requests and notices of deposition so that the rules allow for a response prior to the discovery deadline.

  F. <u>Protective Order</u>: The parties agree that a protective order will be necessary to protect confidential business information, including but not limited to, proprietary information, trade secrets, or other confidential information and documentation that will be produced by the parties and possibly third parties or otherwise disclosed in proceedings before the Court. The parties have a single dispute concerning EOFlow's request that in-house and outside counsel for non-party Medtronic can continue to have access to Insulet's confidential and highly confidential discovery materials that the parties intend to raise with the Court at the Local Rule 16.1 conference.

  The parties understand that the proposed Protective Order governs disclosures between the parties only and that to file under seal or have a document impounded, only so much of the document as reveals trade secrets or the currently valuable business data may be sealed, and only then with leave of Court per L.R. 7.2.

  G. <u>Limitations on Discovery</u>: The parties agree that L.R. 26.1(c) and the Federal Rules of Civil Procedure shall control the limits of discovery, except for as follows:

1. Each party group[1] may serve up to 25 requests for admission, except for requests that seek an admission as to (a) the authenticity of a particular document or thing, for which there shall be no limit.  The parties, however, will confer in good faith on stipulations to the authenticity of documents to avoid the need for serving numerous requests for admission on authenticity.

2. Each party group may serve no more than two additional sets of requests for production in addition to the set served during the preliminary injunction proceedings.

3. Each party group may serve no more than 20 interrogatories.

4. With the exception of any expert witness who submits an expert disclosure under Rule 26(a)(2), each party may take a total of no more than 50 additional hours of testimony beyond testimony taken during the preliminary injunction proceedings, with each deposition counting as a minimum of three hours of testimony time.

   H.   Timing of Discovery Responses: The parties agree that the Federal Rules of Civil Procedure shall control the timing of discovery, except for as follows:

1. The responding party must serve its initial responses and any objections to Interrogatories within 14 days after being served with the interrogatories.

2. The responding party must serve its objections and responses to Requests for Production within 7 days after being served with the Requests for Production.

3. The responding party must serve its written response or objection to Requests for Admission within 14 days after being served with the Requests for Admission.

---

[1] For purposes of these limitations, a "party group" refers to (i) Insulet Corporation, and (ii) EOFlow, Inc., EOFlow Ltd., Steven DiIanni, Luis Malave, and Ian Welsford (collectively, the "EOFlow Defendants").

I.      Other Discovery Stipulations: The parties agree that the deadline for service of discovery requests and responses between the parties is 6:00 P.M. Eastern Time via email or a secure file share or FTP link.  A response that would otherwise be due on a weekend or federal holiday will otherwise be due the following business day.

**II.    OTHER AGREED UPON PROCEDURAL MATTERS**

Trial by Magistrate Judge: The parties do not consent to trial by Magistrate Judge.

Dispositive Issues: The parties have not identified any dispositive issues that might lead to an early resolution of the case.

Settlement/Alternative Dispute Resolution:  The parties do not believe that participation in the Court's ADR program at this time will be fruitful but will revisit the question no later than after the close of fact discovery.

Severance of Certain Claims: The parties propose that all patent and trade dress-related claims asserted by any party in this action shall be bifurcated from the trade secret-related claims but disagree whether the patent and trade dress-related claims should be severed from this case. Insulet proposes that the patent and trade dress-related claims be severed and stayed pending further Court order as the Court suggested during the October 4, 2023 status conference.  Severing the non-trade secret claims in a separate action streamlines the case on the trade secret claims by allowing the Court to render a complete and clean final judgment as to all issues raised by the trade secret claims.  EOFlow agrees that the patent and trade dress-related claims should be stayed pending further court order but proposes that they remain joined with the trade secrets claims in a single action. Severing into an entirely separate action would needlessly duplicate efforts across claims relating to the same product, requiring two sets of appearances, pleadings, document productions, and more. Using Rules 42(b) and 54(b), the court may bifurcate the claims for trial and promptly render final judgment on the trade secrets-related claims after a jury trial without

splitting this case into two separate actions.. The parties agree that Defendants are not required to answer or otherwise respond to Insulet's Complaint concerning the patent and trade dress-related claims (for clarity, Counts III, IV, V, VI, VII, VIII, IX, X, XI, and XII in the Complaint) on the current deadline of October 13, 2023, and that Defendants' Rule 12 responsive pleadings or motions for Counts III, IV, V, VI, VII, VIII, IX, X, XI, and XII of the Complaint will be due 21 days after the stay is lifted.

### III. PROPOSED PRETRIAL SCHEDULE

The parties propose the following pre-trial schedule, which is subject to revision upon motion by the Parties, either jointly or separately.

| Event | Proposed Deadline |
| --- | --- |
| Defendants' Responsive Pleading | October 16, 2023 |
| Rule 16.1 Scheduling Conference | October 16, 2023 |
| Initial Disclosures | October 13, 2023 |
| Supplemental Trade Secrets Identification (if any) | October 27, 2023 |
| Substantial completion of document production | November 30, 2023 |
| Fact Discovery – Deadline for service of written discovery requests | December 14, 2023 |
| Fact Discovery Completion Deadline | January 22, 2023 |
| Status Conference | First week of February, 2024 |
| Expert Discovery – Plaintiff's trial experts designated and disclosed by: | February 16, 2024 |
| Expert Discovery – Defendants' trial experts designated and disclosed by: | March 15, 2024 |
| Expert Discovery Deadline | April 5, 2024 |
| Filing of Dispositive and Daubert Motions[2] | April 12, 2024 |
| Opposition Briefs to Dispositive and Daubert Motions | April 26, 2024 |
| Reply Briefs in Support of Dispositive and Daubert Motions | May 3, 2024 |
| Initial Pretrial Conference | May 2024, at the Court's convenience |
| Jury Trial on Liability and Damages for Trade Secret Misappropriation and Related Claims | May 2024, at the Court's availability |

---

[2] Each party group is limited to (i) a single brief of no more than 50 pages in support of any motion for summary judgment, regardless of the number of issues raised and (ii) a single brief of no more than 20 pages in support of any *Daubert* motion.

## IV.   ANTICIPATED TRIAL LENGTH

Assuming that most trial days will begin at 9:00 am and end at 1:00 pm, the parties expect the jury trial in this matter to take no longer than two full weeks and may require a short bench trial after the jury trial on equitable relief.

Dated: October 13, 2023

Respectfully submitted,

| | |
|---|---|
| By: */s/ Robert D. Carroll*<br>Robert D. Carroll (BBO# 662736)<br>Robert Frederickson III (BBO# 670111)<br>Scott T. Bluni (BBO# 660187)<br>Gerard J. Cedrone (BBO# 699674)<br>Goodwin Procter LLP<br>100 Northern Avenue<br>Boston, MA 02210<br>Tel.: (617) 570-1000<br>Fax.: (617) 321-4397<br>RCarroll@goodwinlaw.com<br>RFrederickson@goodwinlaw.com<br>SBluni@goodwinlaw.com<br>GCedrone@goodwinlaw.com<br><br>Jenny Zhang (BBO# 689838)<br>Matthew Ginther (*pro hac vice*)<br>Goodwin Procter LLP<br>1900 N Street, NW<br>Washington, DC 20036<br>Tel: (202) 346-1000<br>Fax: (202) 346-4444<br>JZhang@goodwinlaw.com<br>MGinther@goodwinlaw.com<br><br>James Breen (*pro hac vice*)<br>Timothy Keegan (*pro hac vice*)<br>Goodwin Procter LLP<br>620 Eighth Avenue<br>New York, NY 10018<br>Tel.: (212) 813-8800<br>Fax: (212) 355-3333<br>JamesBreen@goodwinlaw.com | */s/ Stacylyn Doore*<br>Adam S. Gershenson (BBO #671296)<br>Michael Sheetz (BBO #548776)<br>COOLEY LLP<br>500 Boylston Street<br>Boston, MA 02116-3736<br>Tel:   (617) 937-2300<br>Fax:   (617) 937-2400<br>agershenson@cooley.com<br>msheetz@cooley.com<br><br>Lowell D. Mead (*pro hac vice*)<br>COOLEY LLP<br>3175 Hanover Street<br>Palo Alto, CA 94304<br>Tel:   (650) 843-5000<br>Fax:   (650) 849-7400<br>lmead@cooley.com<br><br>Dustin Knight (*pro hac vice*)<br>COOLEY LLP<br>One Freedom Square<br>Reston Town Center<br>11951 Freedom Drive<br>Reston, VA 20190-5656<br>Tel:   (703) 456-8708<br>Fax:   (703) 456-8100<br>dknight@cooley.com |

TKeegan@goodwinlaw.com

*Attorneys for Plaintiff Insulet Corporation*

William Weinreb (BBO# 557826)
Patrick Curran (BBO# 568701)
Stacylyn Doore (BBO# 678449)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
111 Huntington Avenue, Suite 520
Boston, MA 02199
Tel:  (617) 712-7100
Fax: (617) 712-7200
billweinreb@quinnemanuel.com
patrickcurran@quinnemanuel.com
stacylyndoore@quinnemanuel.com

Nathan Hamstra (*pro hac vice*)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
191 N. Wacker Drive, Suite 2700
Chicago, Illinois 60606
Tel:  (312) 705-7400
Fax: (312) 705-7401
nathanhamstra@quinnemanuel.com

*Attorneys for Defendants EOFlow Co. Ltd.,
EOFlow Inc., Luis J. Malave, Steven DiIanni, and
Ian G. Welsford*