IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| INSULET CORPORATION,<br><br>                              *Plaintiff*,<br><br>    v.<br><br>EOFLOW CO., LTD., *et al.*<br><br>                              *Defendants*. | No. 1:23-cv-11780-FDS |

**PLAINTIFF INSULET CORPORATION'S OPPOSITION TO
THE EOFLOW DEFENDANTS' MOTION TO EXPEDITE**

The Court should deny Defendants' motion for expedited briefing and should instead allow Plaintiff Insulet Corporation at least seven days—until Friday, October 20—to respond to Defendants' motion for modification of the Court's preliminary injunction order.

Defendants' conduct over the past two weeks belies any need for the extremely compressed briefing schedule they now seek. The Court circulated the proposed language of its preliminary injunction order on Wednesday, October 4, giving all parties a chance to comment on or object to that language before entering the actual order. *See* ECF Nos. 122-123. Defendants expressly requested this comment period: their counsel asked for an opportunity "to look at [the proposed language] and submit any suggested changes to it." ECF No. 124, at 29:12–19. But Defendants passed up that opportunity, declining to offer any particularized objections to the Court's proposed language—including the provision they now challenge. Instead, Defendants' counsel emailed the Courtroom Clerk on October 5 that Defendants objected to the order "in toto," and that Defendants would accordingly pursue an appeal. Even after the final order entered on October 6, Defendants waited five days (until October 11) to approach Insulet's counsel regarding their request for

reconsideration and seven days (until October 13) to actually seek reconsideration. And they still have not appealed the final order, despite stating their intent to do so over a week ago.

In light of that delay, Defendants' suggestion that expedited briefing is necessary to avoid an "imminent threat to public health and patient safety" (ECF No. 130, at 2 (¶3)) rings hollow. There were no modifications to the provision that Defendants oppose—paragraph 1 of the preliminary injunction—between the issuance of the Court's proposed order and its entry of the final order. Both the proposed order and as-entered order provided that:

> EOFlow is hereby restrained from manufacturing, marketing, or selling any product that was designed, developed, or manufactured, in whole or in part, using or relying on the Trade Secrets of Insulet Corporation ("Insulet"), as defined in this Order.

ECF No. 123, at 1 (¶1); ECF No. 126, at 1 (¶1). The effect of that provision is clear on its face: it bars EOFlow from "manufacturing, marketing, or selling" the EOPatch 2, because that product "was designed, developed, or manufactured, in whole or in part, using or relying on the Trade Secrets of Insulet Corporation." If Defendants' current claims of imminent harm were substantial, Defendants surely would have pressed them sooner.

Regardless, even putting aside Defendants' dilatory conduct, their proposed schedule is unreasonable. Defendants' motion introduces new factual evidence to which Insulet will be required to respond. *See* Defs.' Mot. for Modification, Ex. 5 (Decl. of J. Kim). Defendants took seven days from the entry of the preliminary injunction to muster their new evidence. Insulet should be given at least that long to prepare its response.

For the foregoing reasons, the Court should deny Defendants' motion for expedited briefing and instead allow Insulet until October 20 to file its response to Defendants' motion for modification.

October 16, 2023                                Respectfully submitted.

 /s/ *Robert D. Carroll*
Robert D. Carroll (BBO No. 662736)
Robert Frederickson III (BBO No. 670111)
Scott T. Bluni (BBO No. 660187)
Gerard J. Cedrone (BBO No. 699674)
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, MA 02210
(617) 570-1000
RCarroll@goodwinlaw.com
RFrederickson@goodwinlaw.com
SBluni@goodwinlaw.com
GCedrone@goodwinlaw.com

Jenny Zhang (BBO No. 689838)
Matthew Ginther (*pro hac vice*)
GOODWIN PROCTER LLP
1900 N Street, NW
Washington, DC 20036
(202) 346-1000
JZhang@goodwinlaw.com
MGinther@goodwinlaw.com

Alexandra D. Valenti (*pro hac vice*)
James Breen (*pro hac vice*)
Timothy Keegan (*pro hac vice*)
GOODWIN PROCTER LLP
620 Eighth Avenue
New York, NY 10018
(212) 813-8800
AValenti@goodwinlaw.com
JamesBreen@goodwinlaw.com
TKeegan@goodwinlaw.com

*Attorneys for Plaintiff Insulet Corporation*

## CERTIFICATE OF SERVICE

     I hereby certify that a copy of the foregoing was filed electronically on October 16, 2023 with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent to all parties and counsel of record by operation of the Court's CM/ECF system.

                                        /s/ *Robert D. Carroll*
                                           Robert D. Carroll