IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| INSULET CORPORATION, <br><br> *Plaintiff,* <br><br> v. <br><br> EOFLOW CO., LTD.; *et al.*, <br><br> *Defendants.* | No. 1:23-cv-11780-FDS |

## STIPULATION AND JOINT MOTION TO ENTER FORENSIC PROTOCOL

Plaintiff Insulet Corporation ("Insulet" or "Plaintiff") and defendants EOFlow Co., Ltd. ("EOFlow Ltd."); EOFlow, Inc. ("EOFlow Inc." and collectively with EOFlow Ltd., "EOFlow"); Jesse J. Kim (a/k/a Jae Jin Kim); Luis J. Malave; Steven DiIanni; and Ian G. Welsford (collectively, "Defendants" and with Insulet, the "Parties"), by and through their undersigned counsel, hereby agree to the following Stipulated Forensic Protocol (the "Protocol") for the forensic investigation and analysis (the "Investigation") of certain Devices. The Parties respectfully request that the Court enter an order adopting the Protocol.

1. The "Action" shall mean the above-captioned lawsuit.

2. The "Devices" to be analyzed for purposes of this Investigation are every computer, hard drive, or other electronic device on which Luis J. Malave, Steven DiIanni, and/or Ian G. Welsford accessed or stored any electronic document or file that any of them obtained from Insulet or created or modified in the course of their employment or consultancy for Insulet.[1]

---

[1] Defendants reserve the right to object to the inclusion of any Device otherwise falling under the scope of this Protocol in the event a given Device is determined to have little to no discoverable material on it. In such event, the Parties will negotiate in good faith for an alternate procedure to ensure Plaintiff obtains access to such material.

3.	Insulet has hired the digital forensic examiner StoneTurn Group, LLP ("StoneTurn") to conduct a subsequent forensic collection related to this Action. After securing appropriate agreement on terms binding StoneTurn to (i) appropriately safeguard the Devices and data it will receive, and (ii) certify the return and/or destruction of all materials in accordance with paragraph 21 below, Defendants' counsel shall provide the Devices at issue in this matter to StoneTurn along with passwords or other login and authentication information required to access files on the Device.

4.	Upon receipt of the Devices, StoneTurn shall execute the chain of custody documentation and create a forensic image of the received Devices. StoneTurn shall provide Defendants' counsel a copy of all forensic images as soon as possible after completion of imaging on all devices received, making best efforts to complete copying and providing them within one day after imaging is complete. For this purpose, StoneTurn shall download a copy of all forensic images to two hard drives. StoneTurn shall transmit those hard drives to Defendants' counsel, who shall preserve and sequester the hard drives until (1) the Parties agree or the Court orders that the hard drive be returned to StoneTurn for additional analysis or searching upon a showing of good cause by Plaintiff or (2) termination of the Action as provided under the Protective Order. The original Devices will be stored in StoneTurn's computer forensic lab for safekeeping until returned to Defendants' counsel for sequestration pursuant to paragraph 21. StoneTurn shall perform the analyses outlined within this Protocol on the collected forensic images.

**Device Analysis:**

5.	StoneTurn will access the Devices and create best-possible forensic images of the Devices in a commonly-recognized forensic format, such as E01, including all files on the Devices, of any type, and including any deleted or other recoverable files and unallocated Device space, if possible.

6. StoneTurn will perform a USB device analysis on the forensic images to determine what, if any, USB devices have been connected to the Devices, and, where possible, when such USB devices were connected.

7. StoneTurn will perform Quick Look and Recently Used analyses for MacOS-based computers, and a LNK File and Jumplist analysis for Windows-based computers, on the forensic images to reveal user-based file activity on the computer.

8. StoneTurn will perform an internet history analysis on the forensic images to reveal Cloud-based repository activity. Specifically, StoneTurn will filter the resulting internet history for Cloud-based repository websites such as, but not limited to, Dropbox, One Drive, Google Drive, and Box.

9. For any smart phones imaged, to the extent such artifacts are present within the forensic images, StoneTurn will pinpoint and extract all data relating to the contacts, calendar, call logs, notes, text messages, documents, internet history, and voicemails.

10. StoneTurn will extract the files contained within the forensic images that bear any of the following file extensions: doc, docx, docm, dot, dotx, dotm, rtf, wpd, xls, xlsx, xlsm, xlt, xltx, xlk, xltm, xlsb, wps, csv, ppt, pptx, pptm, potx, potm, ppam, pps, ppsx, ppsm, mdb, accdb, accde, pdf, vsd, vsdx, zip, rar, ost, pst, msg, eml, or equivalent MacOS email file extensions. The resulting files will be extracted from the images and the extracted data will be indexed so that search terms may be applied.

11. For email accounts and messages imaged and analyzed, StoneTurn will extract a listing of emails, including the subjects of messages, associated timestamps, address fields (to, from, cc, bcc), and names of attachments. To the extent that local email files exist on the forensic images, StoneTurn will extract the local email from the image and index the extracted data so that search terms may be applied.

12. First, StoneTurn will provide a directory listing of all file names with accompanying directory or file paths (the "Directory Listing") to Plaintiff's counsel and Defendants' counsel simultaneously for any file with any of the extension set forth in Exhibit A under "File Type Searches" or any files with any of the following extensions: doc, docx, docm, dot, dotx, dotm, rtf, wpd, xls, xlsx, xlsm, xlt, xltx, xlk, xltm, xlsb, wps, csv, ppt, pptx, pptm, potx, potm, ppam, pps, ppsx, ppsm, mdb, accdb, accde, pdf, vsd, vsdx, zip, rar, ost, pst, msg, eml. For locally stored emails, the Directory Listing will include associated timestamps, address fields (to, from, cc, and bcc), and names of the attachments. For any smart-phones devices imaged, the parties will negotiate in good faith regarding the scope and content of the directory-level information to be provided for each device. The Directory Listing shall be provided to enable Plaintiff to assess the need to request, in good faith, that files not otherwise captured by the procedure set forth below be imaged and provided to Plaintiff's counsel and Defendants' counsel. Plaintiff's counsel shall make any request under this paragraph within five (5) business days of receipt of the Directory Listing. Defendants' counsel shall have three (3) business days to challenge any such request, and the Parties shall meet and confer on such challenge within two (2) business days of the challenge. If, following conference of counsel for the Parties, the Parties have failed to reach an agreement, the Parties shall submit their dispute to the Court within five (5) business days.

13. Then, StoneTurn will apply the criteria set forth in Exhibit A (the "Insulet Search Criteria") against all indexed documents and files.

14. Next, StoneTurn will apply a list of search terms and/or other criteria (*e.g.*, file type, folder path, date created, date last modified, etc.) (the "Privileged Search Criteria") against all information identified via the Insulet Search Criteria to identify potentially privileged and private personal documents and information. Defendants shall provide StoneTurn with a list of Privileged Search Criteria for this purpose on or before the day the first Device is provided to StoneTurn.

4

15. StoneTurn shall run the Privilege Search Criteria to extract a listing of the resulting files, including the file name, file path, folder path, state of the file (active or deleted), associated timestamps (including creation and last modified dates), and file size. For email messages, the listing will include associated timestamps, address fields (to, from, cc, and bcc), and names of the attachments. These listings will be provided to Plaintiff's counsel and Defendants' counsel simultaneously. The resulting documents and files will also be made available to Defendants' counsel via Relativity or upon agreement by the Parties to another common eDiscovery database (the "Review Database").

16. Copies of any documents, files, and emails from the Devices captured by the Insulet Search Criteria that are not captured by the Privileged Search Criteria will be provided to Plaintiff's counsel and Defendants' counsel simultaneously via separate Review Databases as HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL EYES ONLY pursuant to the Protective Order (ECF No. 167).

17. Within five business days of receipt of the files and information as described in paragraphs 14-16 resulting from the Privileged Search Criteria, Defendants' counsel will identify any files it asserts are privileged or irrelevant personal information (the "Identified Files"). Defendants' counsel will provide a listing of the Identified Files to Plaintiff's counsel for their review along with a succinct explanation of the basis for the privilege or privacy assertion (which may be provided on a categorical basis for related groups of documents where appropriate). In doing so, Defendants shall provide Plaintiff's counsel with a list of attorneys who appear in the documents and thereby form the basis for the assertion of privilege so as to permit Plaintiff's efficient review. Plaintiff's counsel shall have three (3) business days to challenge any Identified Files listed and the Parties shall meet and confer on any challenged files within two (2) business days of notification of Plaintiff's challenge. If, following conference of counsel for the Parties, Plaintiff or Defendants still dispute whether a

message contains Defendants' privileged or personal information, the Parties shall submit their dispute to the Court within five (5) business days.

20. If and when the Parties agree on Identified Files to be withheld, or the Court otherwise rules on the Identified Files to be withheld, StoneTurn will withhold any properly withheld Identified Files, sequester them, and make them unavailable for access by Insulet or its counsel. These withheld and sequestered files shall be known as the "Sequestered Files."

21. At that point, any files captured by the Privileged Search Criteria from the Devices other than the Sequestered Files shall be produced to counsel for both Insulet and counsel for Defendants simultaneously and designated as HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL EYES ONLY pursuant to the Protective Order (ECF No. 167). The files produced to the Parties, excluding the Sequestered Files, are the "Production Files."

22. StoneTurn will also prepare and provide to counsel for all Parties (1) of the history of USB connections or Cloud-based repository access on the device, and (2) a report of user-based file activity upon all Production Files, including all associated data indicating all such user-based file activity.

23. Following the completion of the actions set forth in paragraphs 1-20 above, StoneTurn shall return the Devices to Defendants' counsel, who shall preserve and sequester the Devices until otherwise agreed on by the Parties or ordered by the Court. Following the completion of the actions set forth in paragraphs 1-20 above, and after Defendants' counsel have confirmed safe receipt of the hard drives pursuant to paragraph 4, StoneTurn shall remove all forensic images and files from its systems except for a copy of the Production Files and associated metadata as produced to the Parties. StoneTurn will destroy this copy of the Production Files upon termination of the Action as provided under the Protective Order.

**Communications with StoneTurn**

22. Until StoneTurn has completed all of the actions delineated in paragraphs 1-21 above, no party shall communicate with StoneTurn without copying counsel for all other parties on the communication. In other words, counsel for all parties shall be copied on all correspondence with StoneTurn until StoneTurn has completed all of the actions delineated above in paragraphs 1-21. Insulet's agreement to copy Defendants' counsel on certain communications pursuant to this paragraph shall not waive Insulet's right to argue that other communications with StoneTurn, outside the scope of this paragraph, including, specifically, Insulet's correspondence with StoneTurn pursuant to paragraph 23, are protected from disclosure by any otherwise-applicable privilege (including the attorney-client privilege and the attorney work-product privilege).

23. Upon StoneTurn's completion of all of the actions delineated in paragraphs 1-21 above, Insulet shall be free to communicate with StoneTurn without including counsel for any other party on such correspondence.

**Application of the Stipulated E-Discovery Agreement and Protective Order**

24. All provisions of the Stipulated E-Discovery Agreement (ECF No. 166) and the Protective Order (ECF No. 167), including provisions governing the clawing back of privileged information, are incorporated by reference and shall apply as if fully set forth herein. Nothing in this Stipulated Forensic Protocol is intended to modify any provisions of either the Stipulated E-Discovery Agreement (ECF No. 166) or the Protective Order (ECF No. 167), or the effect thereof.

November 28, 2023

/s/ Robert D. Carroll
Robert D. Carroll (BBO #662736)
Robert Frederickson III (BBO #670111)
Scott T. Bluni (BBO #660187)
Gerard J. Cedrone (BBO #699674)
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, MA 02210
(617) 570-1000
RCarroll@goodwinlaw.com
RFrederickson@goodwinlaw.com
SBluni@goodwinlaw.com
GCedrone@goodwinlaw.com

Jenny Zhang (BBO #689838)
Matthew Ginther (*pro hac vice*)
GOODWIN PROCTER LLP
1900 N Street, NW
Washington, DC 20036
(202) 346-1000
JZhang@goodwinlaw.com
MGinther@goodwinlaw.com

Alexandra D. Valenti (*pro hac vice*)
James Breen (*pro hac vice*)
Timothy Keegan (*pro hac vice*)
GOODWIN PROCTER LLP
620 Eighth Avenue
New York, NY 10018
(212) 813-8800
AValenti@goodwinlaw.com
JamesBreen@goodwinlaw.com
TKeegan@goodwinlaw.com

*Counsel for Plaintiff Insulet Corporation*

Respectfully submitted.

/s/ Lowell Mead (with permission)
Adam S. Gershenson (BBO #671296)
Michael Sheetz (BBO #548776)
COOLEY LLP
500 Boylston Street
Boston, MA 02116-3736
(617) 937-2300
agershenson@cooley.com
msheetz@cooley.com

Lowell D. Mead (*pro hac vice*)
COOLEY LLP
3175 Hanover Street
Palo Alto, CA 94304
(650) 843-5000
lmead@cooley.com

Dustin Knight (*pro hac vice*)
COOLEY LLP
One Freedom Square
Reston Town Center
11951 Freedom Drive
Reston, VA 20190-5656
Tel:   (703) 456-8708
Fax:  (703) 456-8100
dknight@cooley.com

*Counsel for Defendants EOFlow Co., Ltd., EOFlow, Inc., and Jesse J. Kim (a/k/a Jae Jin Kim)*

/s/ T. Christopher Donnelly (with permission)
T. Christopher Donnelly (BBO #129930)
Nathaniel R.B. Koslof (BBO #691094)
DONNELLY, CONROY & GELHAAR, LLP
260 Franklin Street, Suite 1600
Boston, Massachusetts 02110
(617) 720-2880
tcd@dcglaw.com
nrbk@dcglaw.com

*Counsel for Defendants Luis J. Malave, Steven DiIanni, and Ian G. Welsford*

8

**IT IS SO ORDERED:**

Date: 11/29/23

Hon. F. Dennis Saylor
United States District Judge

## CERTIFICATE OF SERVICE

I hereby certify that on November 28, 2023, I caused to be served a copy of the foregoing document on all counsel of record by means of the Court's Electronic Filing System.

By: /s/Robert D. Carroll
Robert D. Carroll