IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| INSULET CORPORATION,<br><br>*Plaintiff*,<br><br>v.<br><br>EOFLOW CO., LTD.; EOFLOW, INC.;<br>JESSE J. KIM (a/k/a JAE JIN KIM);<br>LUIS J. MALAVE; STEVEN DIIANNI;<br>and IAN G. WELSFORD,<br><br>*Defendants*. | Case No. 1:23-cv-11780-FDS |

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO
<u>PLAINTIFF'S MOTION TO COMPEL</u>**

## TABLE OF CONTENTS

                                                                               **Page**

INTRODUCTION ............................................................................................................................ 1

RELEVANT BACKGROUND ....................................................................................................... 1

       I.      DISCOVERY OF DOCUMENTS RELATED TO MEDTRONIC ....................... 3

      II.     DISCOVERY TARGETED TO KAKAOTALK AND PERSONAL EMAILS................................................................................................................ 3

      III.    DISCOVERY RELATED TO FORENSIC REVIEW OF INDIVIDUAL DEFENDANT DEVICES ....................................................................................... 4

ARGUMENT ................................................................................................................................... 5

      I.      THE PART OF PLAINTIFF'S MOTION SEEKING MEDTRONIC COMMUNICATIONS AND AGREEMENTS IS MOOT ................................... 5

      II.     THE PART OF PLAINTIFF'S MOTION SEEKING KAKAOTALK MESSAGES FROM EOFLOW SHOULD BE DENIED BECAUSE THE MATERIALS ARE IRRELEVANT, UNDULY BURDENSOME, AND NOT REASONABLY AVAILABLE .................................................................. 7

      III.    THE PART OF PLAINTIFF'S MOTION SEEKING KAKAOTALK MESSAGES FROM INDIVIDUAL DEFENDANTS SHOULD BE DENIED AS MOOT .................................................................................................. 8

      IV.    THE PART OF PLAINTIFF'S MOTION CONCERNING THE INDIVIDUAL DEFENDANTS' PERSONAL EMAIL ACCOUNTS IS PREMATURE ....................................................................................................... 9

      V.     THE PART OF PLAINTIFF'S MOTION CONCERNING THE FORENSIC INSPECTION OF INDIVIDUAL DEFENDANTS' DEVICES IS RESOLVED ................................................................................ 10

CONCLUSION.............................................................................................................................. 10

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*United States ex rel. Long v. Janssen Biotech, Inc.*,
   2023 WL 3794179 (D. Mass. June 1, 2023) ................................................................................6

*MSP Recovery Claims, Series LLC v. Farmers Ins. Exch.*,
   2019 WL 7049986 (D. Mass. Dec. 23, 2019) ..............................................................................7

*Piccone v. Carrington Mortg. Servs., LLC*,
   2023 WL 3293054 (D. Mass. May 5, 2023) ................................................................................6

*Theidon v. Harvard Univ.*,
   2016 WL 3919839 (D. Mass. July 15, 2016) ..........................................................................5, 6

*Viscito v. Nat'l Plan. Corp.*,
   2019 WL 5318228 (D. Mass. Oct. 21, 2019) ............................................................................6, 7

**Other Authorities**

Fed. R. Civ. P. 26 ..............................................................................................................................7

## INTRODUCTION

Plaintiff's three discovery complaints are all either moot or run afoul of the Local and Federal Rules, and Defendants are complying with their discovery obligations.

Plaintiff's motion fails for three primary reasons.  ***First***, EOFLow has *always agreed* to produce the requested communications with Medtronic and the parties never reached any impasse before Plaintiff fired off its premature motion.  ECF No. 186 at 7.1 Certification.  ***Second,*** the parties were negotiating a forensic protocol and, notwithstanding Plaintiff's again wasting the parties' and the Court's resources, readily finalized a joint motion that has since been granted, mooting Plaintiff's motion.  ECF No. 195.  ***Third,*** as EOFlow repeatedly explained to Plaintiff, it does not have—and accordingly cannot produce—years-old messages from a Korean chat application called KakaoTalk.  The same goes for most Individual Defendants, except where investigation is ongoing for Mr. Malave and an agreement in principle on production has already been reached.

This is not a valid dispute over relevant materials that are being withheld.  This is a dispute where Plaintiff is driving up litigation and discovery costs against its smaller competitor even when Plaintiff is either poised to receive what it requested, or well aware the materials no longer exist.  Plaintiff's motion should be denied.

## RELEVANT BACKGROUND

This is primarily a trade secret case in which Plaintiff Insulet Corporation accuses EOFlow Co., Ltd. and EOFlow, Inc. (together, "EOFlow"); EOFlow's founder, Jesse Kim; and Luis J. Malave, Ian G. Welsford, and Steven DiIanni (the three collectively as "Individual Defendants") of misappropriating purported "trade secrets," based almost entirely on retention of documents from a decade ago that Plaintiff never requested back after its employees' departures.  ECF No. 159.

1

On August 18, 2023, two weeks after filing its initial complaint, Plaintiff moved for a preliminary injunction and expedited document discovery. ECF No. 30; ECF No. 26. The Court granted the motion for discovery, ECF No. 63, and, while the preliminary injunction motion was pending, the parties engaged in a substantial round of discovery, during which Defendants produced tens of thousands of pages of documents.

On October 6, 2023, the Court entered a preliminary injunction and, with subsequent modification, enjoined EOFlow from manufacturing, marketing, or selling products alleged to infringe on Plaintiff's alleged trade secrets and from disclosing these alleged trade secrets to any third parties. ECF No. 126; ECF No. 158.

At the same time, the Court discussed setting a trial in May 2024, and ultimately adopted a rapid schedule:

| Substantial completion of document production | December 5, 2023 |
| --- | --- |
| Deadline for service of written discovery requests | December 18, 2023 |
| Close of fact discovery | January 22, 2024 |
| Plaintiff expert disclosure | February 16, 2024 |
| Defendant expert disclosure | March 15, 2024 |
| Close of expert discovery | April 5, 2024 |
| Dispositive and *Daubert* motions | April 12, 2024 |
| Opposition briefs to Dispositive and *Daubert* motions | April 26, 2024 |
| Reply briefs in support of Dispositive and *Daubert* motions | May 3, 2024 |

ECF No. 145.

Additional fact discovery got underway immediately. While Plaintiff has asked for mountains of documents (and the Individual Defendants retained new counsel just weeks ago), Defendants are on pace to meet the deadline for substantial completion on December 5.

## I. DISCOVERY OF DOCUMENTS RELATED TO MEDTRONIC

Plaintiff served its first set of requests for production on EOFlow on October 12, 2023. These included sweeping requests for communications between Defendants and Medtronic (RFP Nos. 13, 18), the data room used to provide information to Medtronic during its diligence process (RFP No. 17), all agreements with Medtronic relating to its proposed acquisition of EOFlow (RFP No. 19), and all communications between EOFlow and Medtronic concerning this action (RFP No. 20).

On October 23, 2023, EOFlow served its responses and objections to Plaintiff's requests. *See* Pl.'s Ex. C.[1]  Specifically, EOFlow agreed to produce nearly all responsive, non-privileged documents in response to these Plaintiff's requests for production, objecting only to producing any documents responsive to RFP No. 20 on the basis of common interest privilege. *Id.*

As EOFlow informed Plaintiff over and over, its review of these documents was in process. EOFlow further assured Plaintiff it would inform Plaintiff of any documents withheld from production. Ex. 3, at 1.

## II. DISCOVERY TARGETED TO KAKAOTALK AND PERSONAL EMAILS

During the preliminary injunction discovery period, Defendant Kim testified at deposition that he had used a messaging application called KakaoTalk for business communications. Pl.'s Ex. U at 105:5-106:1. He also specified that he communicated "rarely" with Defendants Malave and Welsford using KakaoTalk, *see* Br. at 9 (citing Pl.'s Ex. U at 201:9-12), but made no mention

---

[1] "Pl.'s Ex. __" refers to exhibits filed in support of Plaintiff's Motion to Compel Discovery of Defendants. "Ex. __" refers to exhibits attached to the Declaration of Adam S. Gershenson filed herewith. "Mot." refers to Plaintiff's Motion to Compel Discovery of Defendants. "Br." refers to Plaintiff's Memorandum of Law in Support of Plaintiff Insulet Corporation's Motion to Compel Discovery of Defendants.

of communications with any other EOFlow employees. *See* Pl.'s Ex. U at 105:5-106:1, 200:15-201:12.

At a meet-and-confer in the subsequent discovery period, Plaintiff requested that Defendants investigate the availability of these messages, which Defendants agreed to for Defendants Kim, Malave, and Welsford. *See* Ex. 1, at 4-5. In memorializing this discussion, however, Plaintiff misrepresented the parties' agreement and unilaterally (and baselessly) expanded this investigation to "Mr. Kim, and the individual defendants, ***or any custodial EOFlow engineers involved in the design of the EOPatch***." *Id.* at 4 (emphasis added). Plaintiff's brief presents only its position, and excludes from its exhibits Defendants' immediate response that they had already informed Plaintiff that Kim did not have any relevant KakaoTalk messages, and that "they were investigating the availability of Kakaotalk messages in the devices of Mr. Malave and Mr. Welsford, i.e. the individuals with whom Mr. Kim had potentially responsive Kakaotalk communications with, as he testified during his deposition." *Id.* at 3. Plaintiff's brief also fails to acknowledge Defendants' further statement that Plaintiff had failed to "provide[] any basis for scavenging the Kakaotalk messages for the other custodians," but that if Plaintiff did articulate such a basis, "Defendants are willing to consider broadening their investigation." *Id.* But Plaintiff only ever provided speculation that because Kim testified that "most people in Korea" use KakaoTalk generally and that *he* used KakaoTalk for business communications, this must mean that every EOFlow employee also used the application and did so specifically for business communications. *Id.* at 1.

### III. DISCOVERY RELATED TO FORENSIC REVIEW OF INDIVIDUAL DEFENDANT DEVICES

The parties have also extensively discussed Plaintiff's request for a forensic review of the Individual Defendants' devices during the fact discovery period. The first iteration of this request

4

was for the Individual Defendants to hand their devices over to Plaintiff's own expert for imaging and analysis. Defendants pressed Plaintiff multiple times for case law supporting such extensive discovery, which Plaintiff has yet to provide. Defendants voiced their main concerns about potentially privileged or personal documents on these devices to Plaintiff repeatedly, and proposed instead that the parties treat Plaintiff's proposed vendor as a neutral examiner. To this end, Defendants proposed multiple revisions to Plaintiff's draft protocol, including a prohibition on *ex parte* communications and search terms to limit the review to only relevant files. Instead of attempting to compromise, Plaintiff stonewalled and maintained that they were "entitled" to have their expert perform widespread and exhaustive imaging on these devices with no obligation to inform Defendants of the scope thereof.

Despite each of these issues being at or near resolution, Plaintiff prematurely filed this needless Motion after business hours on the eve of Thanksgiving. What's more, the parties had met and conferred on some of these issues that same day, and counsel for Individual Defendants informed Plaintiff's counsel that they did not have the most up-to-date information on various issues because the most knowledgeable member of their team was out of the office for the day on bereavement for a close family member. Ex. 2, at 1. Plaintiff gave no indication on that call that they planned to file any kind of motion, let alone an indication of the specific categories of documents they were seeking to compel. *Id.* at 1-2.

## ARGUMENT

**I.     THE PART OF PLAINTIFF'S MOTION SEEKING MEDTRONIC COMMUNICATIONS AND AGREEMENTS IS MOOT**

A motion to compel is moot when the relief sought is provided to the moving party or when the requests are otherwise resolved. This Court has ruled motions moot when the party has either produced the documents or agreed to produce them. *See Theidon v. Harvard Univ.*, 2016 WL

5

3919839, at *1 (D. Mass. July 15, 2016) (denying motion to compel as moot because plaintiff agreed to produce responsive documents in its opposition); *Viscito v. Nat'l Plan. Corp.*, 2019 WL 5318228, at *7 (D. Mass. Oct. 21, 2019) (noting motion to compel was "premature or unnecessary" when responsive documents had "either been produced or were in the process of being assembled"); *see also Piccone v. Carrington Mortg. Servs., LLC*, 2023 WL 3293054, at *5 (D. Mass. May 5, 2023) (denying motion to compel as moot when the party already produced the documents); *United States ex rel. Long v. Janssen Biotech, Inc.*, 2023 WL 3794179, at *1 (D. Mass. June 1, 2023) ("the part of the motion concerning Interrogatory No. 6 is DENIED as moot, since [the party served with the interrogatory] has agreed to supplement [their] answer to it").

Here, as Plaintiff admits in its Motion, "EOFlow formally agreed to produce [these] documents." Br. at 5, 6. Thus, Plaintiff's actual complaint is with the timing of EOFlow's production, and based on an unsubstantiated belief that EOFlow should "confirm it will produce [these documents] ***before*** the deadline for the substantial completion of document production." Br. at 5 (emphasis added). While Plaintiff provides no basis for its haste, EOFlow is working diligently to prepare the requested documents for production. Since the filing of Plaintiff's Motion, EOFlow has produced its agreements with Medtronic related to the potential acquisition, and expects to produce at least the substantial majority of the requested documents by week's end.

As there is nothing more for the Court to compel, Plaintiff's Motion seeking to compel EOFlow to produce these documents should be denied as moot. *Theidon*, 2016 WL 3919839, at *1.

## II. THE PART OF PLAINTIFF'S MOTION SEEKING KAKAOTALK MESSAGES FROM EOFLOW SHOULD BE DENIED BECAUSE THE MATERIALS ARE IRRELEVANT, UNDULY BURDENSOME, AND NOT REASONABLY AVAILABLE

Federal Rule of Civil Procedure 26 requires that discovery requests be "relevant to any party's claim or defense *and* proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1) (emphasis added). But "the court must limit the frequency or extent of discovery" if "the discovery sought is unreasonably cumulative or duplicative." Fed. R. Civ. P. 26(b)(2)(C). The moving party has the burden of demonstrating the relevance of the information it seeks to compel; once it has met this burden, the opposing party has the burden of establishing either lack of relevancy or undue burden. *Viscito*, 2019 WL 5318228, at *1. "[A party] cannot be compelled to produce what it does not possess." *MSP Recovery Claims, Series LLC v. Farmers Ins. Exch.*, 2019 WL 7049986, at *2 (D. Mass. Dec. 23, 2019); *Viscito*, 2019 WL 5318228, at *6 ("The court will not order the production of documents that do not exist.").

As Plaintiff is aware, and as Defendants informed Plaintiff multiple times, Defendant Jesse Kim no longer has access to any relevant KakaoTalk messages. Br. at 9; Ex. 1, at 3. EOFlow has also informed Plaintiff that EOFlow does not possess backups of KakaoTalk messages. Ex. 3, at 1. As such, it is impossible to even collect these documents, let alone produce them. This alone is sufficient to deny Plaintiff's Motion as to Defendants Jesse Kim and EOFlow. *See Viscito*, 2019 WL 5318228, at *6; *MSP Recovery Claims, Series LLC*, 2019 WL 7049986, at *2.

To the extent Plaintiff requests that EOFlow collect KakaoTalk messages for *all* of its custodians, this request is overbroad, unduly burdensome, and disproportionate to any potentially

7

relevant information in these documents. EOFlow objected to such a widespread and overbroad search for these messages from its custodians because Plaintiff failed to provide any basis that these messages would contain information relevant to this case. Ex. 1, at 3. EOFlow noted that it was willing to consider specific searches if Plaintiff provided a basis for conducting them. *Id.* Plaintiff has yet to provide such a basis, merely relying on Defendant Jesse Kim's testimony that *he* long ago used KakaoTalk for business communications and that he communicated with Defendants Malave and Welsford using KakaoTalk, which messages are no longer available to him. Ex. 1, at 1. Plaintiff knew its ex-employees had joined EOFlow five years before Plaintiff filed suit. The loss of such evidence is on Plaintiff alone, and is one of the key reasons such extended delays are impermissible under the statute of limitations. Put simply, Defendants cannot produce what they do not have.

### III. THE PART OF PLAINTIFF'S MOTION SEEKING KAKAOTALK MESSAGES FROM INDIVIDUAL DEFENDANTS SHOULD BE DENIED AS MOOT

Defendant Steven DiIanni never used the KakaoTalk application, as he testified at his deposition, Ex. 4, at 95:8-15, and does not have access to any KakaoTalk messages.

Defendant Ian Welsford does not have access to any KakaoTalk messages. Although Mr. Welsford used KakaoTalk in the past, he does not have any KakaoTalk messages on any device and he does not have access to any of his old KakaoTalk messages, and he has not been able to restore any old KakaoTalk messages despite his best efforts to do so.

Defendant Luis Malave believes that he may have access to some KakaoTalk messages and, as expressed to counsel for Plaintiff (and consistent with his responses and objections to Plaintiff's requests for production), he is willing to produce responsive, relevant, non-privileged communications, to the extent reasonably accessible. Mr. Malave's undersigned counsel has proposed to apply the same search criteria on Mr. Malave's KakaoTalk messages as those being

negotiated for review of his personal emails.  As soon as an agreement is reached as to such search criteria, Mr. Malave will promptly produce any accessible responsive, non-privileged KakaoTalk messages.

Based on the foregoing, there is no current dispute with respect to the Individual Defendants' KakaoTalk messages.  The portion of the Motion that seeks these messages is moot.

### IV.    THE PART OF PLAINTIFF'S MOTION CONCERNING THE INDIVIDUAL DEFENDANTS' PERSONAL EMAIL ACCOUNTS IS PREMATURE

As expressed in their responses and objections to Plaintiff's requests for production, served on October 23, 2023, each Individual Defendant has agreed to "produce responsive, relevant, non-privileged communications, from the start of Defendant's [employment/consultancy] with EOFlow to the filing of this suit, concerning Insulet, the Omnipod, or the EOPatch, to the extent reasonably accessible."  *See, e.g.*, Pl.'s Ex. R, Response to RFP No. 3.[2]

Subsequently, counsel for the Individual Defendants confirmed that each of the Individual Defendants will search the personal email accounts that they used for business purposes for documents that are responsive to Plaintiff's document requests, subject to their objections and pursuant to mutually acceptable search terms and time constraints.  Counsel for Plaintiff and the Individual Defendants are in the process of negotiating the scope of these searches.  As soon as an agreement is reached as to the scope of these searches, the Individual Defendants will promptly produce any responsive, non-privileged documents.  Accordingly, there is no current dispute with respect to the Individual Defendants' personal email accounts.

---

[2] Each Individual Defendant initially objected to the request to produce "all communications with the Flex Defendants" on the basis that the Flex Defendants have been dismissed from the case, *see e.g.*, Pl.'s Ex. R, Response to RFP No. 5.  However, the Individual Defendants have each rescinded this objection and they have each agreed to produce documents consistent with the criteria identified above.

## V. THE PART OF PLAINTIFF'S MOTION CONCERNING THE FORENSIC INSPECTION OF INDIVIDUAL DEFENDANTS' DEVICES IS RESOLVED

Plaintiff and Defendants have negotiated a comprehensive forensic device protocol for the Individual Defendants, which was finalized and filed with the Court yesterday. ECF No. 194. The Court endorsed this stipulation this afternoon. ECF No. 195. The Individual Defendants intend to comply with the device protocol and are in the process of making the devices to which the protocol is applicable available to Plaintiff's chosen digital forensic examiner. Accordingly, there is no current dispute with respect to the Individual Defendants' devices.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request the Court deny Plaintiff's Motion.

Dated: November 29, 2023

COOLEY LLP

/s/ Adam S. Gershenson
Michael Sheetz (BBO #548776)
Adam S. Gershenson (BBO #671296)
500 Boylston Street, 14th Floor
Boston, MA 02116-3736
(617) 937-2300
msheetz@cooley.com
agershenson@cooley.com

Lowell Mead
4401 Eastgate Mall
San Diego, CA 92121
(858) 550-6453
lmead@cooley.com

Elizabeth M. Flanagan
30 S. 9th Street, 7th Floor
Minneapolis, MN 55402
(312) 881-6383
bflanagan@cooley.com

Dustin Knight

1299 Pennsylvania Ave, NW, Suite 700
Washington, DC 20004
(202) 842-7800
dknight@cooley.com

*Attorneys for Defendants EOFlow Co., Ltd., EOFlow, Inc., and Jesse Kim*

DONNELLY, CONROY & GELHAAR, LLP

<u>/s/ T. Christopher Donnelly</u>
T. Christopher Donnelly (BBO #129930)
Nathaniel R.B. Koslof (BBO #691094)
260 Franklin Street, Suite 1600
Boston, MA 02110
(617) 720-2880
Tcd@dcglaw.com
Nrbk@dcglaw.com

*Attorneys for Defendants Luis J. Malave, Steve DiIanni, and Ian G. Welsford*

11

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that on November 29, 2023 the foregoing Memorandum in Opposition to Plaintiff's Motion to Compel Discovery of Defendants, filed through the ECF system, will be sent electronically to the registered participants on the Notice of Electronic Filing and paper copies will be sent to any non-registered participants.

/s/ *Adam S. Gershenson*
Adam S. Gershenson