UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **INSULET CORPORATION,** | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | Civil Action No. 23-11780-FDS |
| **EOFLOW CO., LTD.; EOFLOW, INC.; FLEX, LTD.; FLEXTRONICS CORPORATION; FLEXTRONICS MEDICAL SALES AND MARKETING, LTD.; LUIS J. MALAVE; STEVEN DIIANNI; and IAN G. WELSFORD,** | ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## SECOND AMENDED PRELIMINARY INJUNCTION

**SAYLOR, C.J.**

After a hearing, and after careful consideration of the pleadings and record evidence, for good cause shown, and pursuant to Fed. R. Civ. P. 65, the Court hereby modifies the preliminary injunction (ECF No. 158) previously entered against Defendants EOFlow Co., Ltd., and EOFlow, Inc. (collectively, "EOFlow") in this action as follows:

1. EOFlow is hereby restrained from manufacturing, marketing, or selling any product that was designed, developed, or manufactured, in whole or in part, using or relying on the Trade Secrets of Insulet Corporation ("Insulet"), as defined in this Order.

2. EOFlow is hereby restrained from disclosing any Trade Secrets of Insulet, as defined in this Order, to any third party, except as may be reasonably necessary for purposes of conducting this litigation, and in accordance with any applicable protective order of this Court.

3. For purposes of this Order, the term "Trade Secrets" shall mean any and all Confidential Information of Insulet, as defined in this Order, (a) that was copied, downloaded, removed, or otherwise taken from Insulet by Luis J. Malave, Steven DiIanni, Ian Welsford, or Robert Strand, or any other present or former employee or agent of Insulet, or (b) any information that contains, derives from, or incorporates such Confidential Information.

4. For purposes of this Order, the term "Confidential Information" shall mean (a) any and all information or materials that were marked "confidential" by Insulet and (b) any and all CAD files, drawings, or specifications created by Insulet, whether or not they were marked "confidential."

5. This Order shall specifically apply to the following items relating to EOPatch version 2, among others, to the extent that the Trade Secrets of Insulet were used in their design, development, or creation:

   (a) Design drawings and specifications for each physical component and subassembly;

   (b) manufacturing and quality-control instructions for each component and subassembly;

   (c) revision histories and failure modes for each component design;

   (d) bills of materials and lists of vendor pricing and capabilities for sourcing of components and raw materials;

   (e) process-validation procedures;

   (f) specifications for device software, including but not limited to the occlusion detection algorithm; and

    (g) Failure Modes Effects Analyses and Safety Assurance Case.

6. The foregoing restrictions do not apply to (a) any product, manufacturing, or technical information relating to the operation of EOFlow's electric osmotic actuator or (b) any aspect of the EOPatch version 2 that was designed before August 1, 2017; provided, however, that such information does not contain, derive from, or incorporate any Trade Secrets of Insulet.

7. EOFlow shall preserve all Confidential Information of Insulet located on any EOFlow computer system and any computer systems maintained or possessed by Luis Malave, Steven DiIanni, Ian Welsford, or Robert Strand to which EOFlow has reasonable access.

8. Pursuant to Fed. R. Civ. P. 65(d)(2), the restrictions set forth in paragraph 1 apply to any officers, agents, servants, employees, or attorneys of EOFlow, as well as any other persons who are in active concert or participation with any of them.

9. Insulet has previously posted a bond in the amount of $1,000,000. *See* ECF No. 128.

10. [Reserved.]

11. Notwithstanding the foregoing, and in order to provide a reasonable period of transition for existing patients, Paragraph 1 of this Order shall not apply to the sale or distribution of EOFlow products designed, developed, or manufactured, in whole or in part, using or relying on the Trade Secrets of Insulet to (1) patients residing in the European Union who were using such products as of October 6, 2023, pursuant to a written prescription or other written order from a physician or other licensed healthcare provider, or (2) patients residing in the Republic of Korea who had an active online account pursuant to which EOPatch2 had been purchased on or before January 15,

2024.  This exception to Paragraph 1 shall expire on June 1, 2024, unless extended by the Court.

12. Notwithstanding the foregoing, Paragraph 1 of this Order shall not apply to distribution or use of EOFlow products designed, developed, or manufactured, in whole or in part, using or relying on the Trade Secrets of Insulet, in clinical trials taking place in the United Arab Emirates that began on or before October 5, 2023, in order to permit the completion of such clinical trials, and not for any other purpose.

13. Notwithstanding the foregoing, EOFlow may take the following actions to maintain its existing "CE mark" on the product known as the GlucoMen Day Pump, Patch (IDU200A) + ADM(IL100A) or Narsha (IM100A/IMM100Ai), and sold under EC Certificate No. 1434-MDD-369/2021 ("GlucoMen Day Pump") in the European Economic Area ("EEA"):

    (a) On or before May 26, 2024, EOFlow may submit an application ("Initial Application") to the Polskie Centrum Badań i Certyfikacji ("PCBC") requesting a conformity assessment ("Conformity Assessment") of the GlucoMen Day Pump under Directive 93/42/EEC on medical devices.  The Initial Application shall not contain or disclose any Trade Secrets of Insulet, unless, and only to the extent that, the PCBC requires the submission of any technical information about the GlucoMen Day Pump in connection with the Initial Application.

    (b) EOFlow shall, in connection with any application for a Conformity Assessment, request that the PCBC conduct the Conformity Assessment after December 1, 2024.

    (c) EOFlow may disclose to the PCBC any technical information about the GlucoMen Day Pump that the PCBC requires as part of the Conformity Assessment.

    (d) In submitting any material that consists of or contains Trade Secrets of Insulet to the PCBC, EOFlow shall take reasonably necessary actions (including complying with any rules, regulations, or policies governing to confidentiality of the application process) to ensure that the PCBC maintains such information in the strictest confidence.

14. In the event that EOFlow intends to make a submission to a governmental regulatory body other than the PCBC in order to maintain an existing regulatory certification, and such submission would include disclosure of Trade Secrets of Insulet, EOFlow shall first provide notice to Insulet in accordance with this paragraph.  EOFlow shall request to meet and confer with Insulet at least 60 days before the date on which it proposes to make any such disclosure.  In advance of such a meeting, EOFlow shall provide to Insulet information sufficient to allow Insulet to evaluate EOFlow's proposed submission, including identifying (1) the name of the relevant regulatory body, (2) the existing regulatory certification sought to be maintained, (3) the Trade Secrets of Insulet that EOFlow proposes to disclose, (4) the statutes, regulations, or other authority requiring the submission, and (5) the statutes, regulations, or other authority governing the confidentiality of any submissions.  The parties shall meet and confer in good faith.  In the event the parties agree on the terms of any disclosure, the parties shall jointly submit those terms to the Court at least 40 days before EOFlow proposes to make the disclosure.  In the event the parties fail to agree

on the terms of any disclosure, EOFlow shall submit the proposed terms of any disclosure to the Court at least 40 days before EOFlow proposes to make its disclosure; Insulet shall submit any objections to the Court within 10 days thereafter; and EOFlow shall file a motion seeking a ruling from the Court.

**So Ordered.**

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
Chief Judge, United States District Court

Dated: April 24, 2024, at 5:00 p.m., in Boston, Massachusetts