UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| INSULET CORPORATION,<br><br>                          *Plaintiff*,<br><br>v.<br><br>EOFLOW CO., LTD.; *et al.*,<br><br>                         *Defendants*. | No. 1:23-cv-11780-FDS |

**[PROPOSED] PERMANENT INJUNCTION**

Following a jury trial and a bench trial on the relevant issues and after careful consideration of the pleadings, submissions, testimony, and other record evidence, and the Court having granted Plaintiff's Motion for a Permanent Injunction, the Court issues the following injunction (the "Permanent Injunction"):

1. For purposes of this Permanent Injunction, the term "Insulet's Trade Secret Information" means the Insulet trade secrets the jury found were misappropriated, which are listed here by name:

   - "CAD" means the Computer-Aided Design files for the Omnipod, including the file 13800-POD-ASSEMBLY-ASM;
   - "Cannula" means the critical dimensions, tolerances and manufacturing process for the Omnipod soft cannula;
   - "DHF" means the design history file for the Omnipod Eros; and
   - "ODA" means the occlusion detection algorithm for the Omnipod.

2. EOFlow Co., Ltd., EOFlow Inc. (collectively, "EOFlow") Jesse J. Kim, Steven DiIanni, Ian Welsford, and Nephria Bio, Inc. (collectively, "Defendants"), their officers, agents, employees, distributors and resellers of any type, and all those persons in active concert or participation with any of them who receive actual notice of this Permanent Injunction by personal service or otherwise are enjoined from performing any of the following actions:

   a. Possessing, accessing, reviewing, using, or disclosing Insulet's Trade Secret Information, in whole or in part, anywhere in the world;

   b. Making, offering to sell, selling, commercializing, or otherwise distributing anywhere in the world any product derived from Insulet's Trade Secret Information, including but not limited to, EOPatch 2;

   c. Advertising, promoting, offering to sell, selling, or otherwise providing services anywhere in the world using or claiming the benefit of Insulet's Trade Secret Information; and

   d. Maintaining with any regulatory authority any application, approval, or certification that was derived, in whole or in part, from Insulet's Trade Secret Information.

Paragraph 2(a) shall take effect immediately upon entry of this Permanent Injunction. Paragraphs 2(b), 2(c), and 2(d) shall take effect sixty (60) days following the entry of this Permanent Injunction.

3. Within seven (7) days of entry of this Permanent Injunction, EOFlow, Jesse J. Kim, Steven DiIanni, Ian Welsford, and Nephria Bio, Inc. shall provide written notification via certified mail to any third party to whom they have communicated

Insulet Trade Secret Information, including but not limited to Sinocare, Sinoflow, San Plena, Ferrex Therapeutics, Menarini, Medtronic, and Tandem, communicating the following:

- a. A disclosure that EOFlow, Jesse J. Kim, Steven DiIanni, Ian Welsford, and Nephria Bio, Inc. were adjudicated to have misappropriated Insulet Trade Secret Information as part of the design, development, and regulatory submission of EOPatch 2 under the Defend Trade Secrets Act, 18 U.S.C. § 1836;
- b. A demand under any confidentiality or other agreement with that third party that the third party return, destroy, and refrain from using or disclosing any Insulet Trade Secret Information that EOFlow, Jesse J. Kim, Steven DiIanni, Ian Welsford, or Nephria Bio, Inc. previously communicated to the third party; and
- c. A copy of this Permanent Injunction Order;

Defendants shall provide Insulet a copy of all communications sent under Paragraph 3 and certified receipts of delivery within fourteen (14) days of entry of this Permanent Injunction.

4. EOFlow and Jesse Kim shall keep Insulet reasonably apprised of all material developments affecting EOFlow's ability to pay Insulet the damages awarded by the jury, including but not limited to developments regarding EOFlow's and Jesse Kim's claims against Medtronic for payment of a termination fee relating to the termination of the agreement for Medtronic to acquire EOFlow. EOFlow and/or Jesse Kim shall hold as constructive trustees for Insulet any payment EOFlow or

Jesse Kim receives relating to the terminated Medtronic acquisition agreement and the arbitration of EOFlow's and Jesse Kim's claims against Medtronic for the termination of that agreement. Within ten (10) days of the receipt of any payment by Medtronic to either EOFlow and or Kim in connection with the terminated Medtronic acquisition agreement and the arbitration relating thereto, EOFlow and/or Jesse Kim shall wire transfer those funds to Insulet.

5. Insulet has established that certain patent applications owned by EOFlow derive from and disclose elements of the Misappropriated Trade Secrets, including US 2023/0248902A1. Within 60 days of entry of this Permanent Injunction (or at such other time as mutually agreed to by the parties in writing), EOFlow shall assign to Insulet US 2023/0248902A1, any patent applications submitted in any jurisdiction that disclose the same invention, and any patents that issue from US 2023/0248902A1 or patent applications that disclose the same invention.

6. Upon entry of this Permanent Injunction, Defendants EOFlow, Jesse J. Kim, Steven DiIanni, Ian Welsford, Nephria Bio, Inc., their officers, agents, employees, distributors, and resellers of any type, and all those persons in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, shall undertake the following steps to remove from their possession and quarantine any information associated with the Insulet Trade Secrets:

    a. Engage an e-discovery vendor to assist with the identification, collection, and removal of any Insulet Trade Secret Information, while also preserving

      all data in connection with EOFlow's obligation in pending litigations in the U.S. and other countries.

b. The e-discovery vendor shall inspect all data sources (including backup, deleted, and archived files) in Defendants' possession, custody, or control used by any individual who was involved in the design, development, manufacture, or regulatory submissions for EOPatch 2 from August 1, 2017 through the present, including any database or document management system, custodial data sources, non-custodial data sources, corporate and personal email accounts, and paper files.

c. Prior to inspection and removal of any Insulet Trade Secret Information, and in order to satisfy Defendants' discovery obligations and the litigation holds in place in this and other litigations, the e-discovery vendor will create and preserve a copy of each of the data sources listed above that contained Insulet Trade Secret Information (hereinafter, "Preserved Files"). The Preserved Files shall be maintained by the e-discovery vendor, and any Insulet Trade Secret Information contained therein shall be accessible only by Defendants' outside counsel (including experts, vendors, etc.) in connection with pending or future litigation with Insulet without express written permission by the Court, obtained after providing notice to Insulet. In addition, notwithstanding any other aspect of this Order, Defendants' outside counsel (including experts, vendors, and other permitted entities or individuals retained thereby solely for purpose of litigation) in any pending litigation may retain the files they have until those litigations are concluded,

consistent with the Stipulated Protective Order and other law and regulations applicable in those cases.

    d. The e-discovery vendor shall identify, log, and disclose all Insulet files in Defendants' possession, custody, or control that incorporate information related to the Insulet Trade Secret Information, including copies or near-duplicates thereof. The log shall include all available metadata including document custodian, file path, and last access dates.

    e. Defendants shall remove from their possession and quarantine all documents, files, CADs, and source code in their possession that contain, disclose, reflect, or are derived from Insulet's Trade Secret Information.

    f. Within sixty (60) days of entry of this Permanent Injunction, the e-discovery vendor shall confirm the completeness of the identification and logging of files pursuant to Paragraph 6(d) of this Permanent Injunction. Within ninety (90) days of entry of this Permanent Injunction, the e-discovery vendor and Defendants shall certify that all Insulet Trade Secret Information, and any copies or derivatives thereof, have been destroyed.

    g. All costs and fees associated with the forensic inspection process shall be borne solely by Defendants.

7. Insulet may conduct audits of EOFlow, Jesse J. Kim, Steven DiIanni, Ian Welsford, and Nephria Bio, Inc., their officers, agents, employees, distributors and resellers of any type, and all those persons in active concert or participation with any of them who receive actual notice of this Permanent Injunction by personal service or otherwise, to ensure compliance with this Order, as follows:

    a. Insulet may audit, through audits conducted by an independent third party chosen by Insulet, and in compliance with the Protective Order in this case, the data sources identified in Paragraph 6(b);

    b. The findings of such audits will be available only to Insulet's outside attorneys (including experts, vendors, and other permitted entities or individuals retained thereby solely for purpose of litigation), the independent third-party auditor, the Court, EOFlow, Jesse J. Kim, Steven DiIanni, Ian Welsford, and Nephria Bio, Inc., and their attorneys.

    c. If the auditor finds that any Defendant may not be in compliance with the terms of this Order; the auditor shall provide written notice and a copy of its findings to Insulet to permit Insulet to understand the reason(s) and extent of the Defendant's non-compliance.

    d. The audits may be conducted a maximum of twice per calendar year per Defendant, during the course of normal business hours, and upon electronic or written notice of at least five business days to the Defendant. The parties will use good faith efforts to conduct the audit in a manner least disruptive to Defendants' normal business activities.

8. Pursuant to Fed. R. Civ. P. 65(d)(2), the restrictions set forth in paragraph 2 apply to any officers, agents, servants, employees, or attorneys of EOFlow, as well as any other persons who are in active concert or participation with any of them.

**So Ordered.**

                                                                                                          _____

                                                                                                          F. Dennis Saylor IV
                                                                                                          Chief Judge, United States District Court

Dated:

January 24, 2025                                                    Respectfully submitted.

/s/ Robert D. Carroll
Jenny Zhang (BBO No. 689838)                          Robert D. Carroll (BBO No. 662736)
Matthew Ginther (*pro hac vice*)                        Robert Frederickson III (BBO No. 670111)
GOODWIN PROCTER LLP                                   Scott T. Bluni (BBO No. 660187)
1900 N Street, NW                                             Alexandra Lu (BBO No. 691114)
Washington, DC 20036                                      Gerard J. Cedrone (BBO No. 699674)
(202) 346-1000                                                   William E. Evans (BBO No. 706382)
JZhang@goodwinlaw.com                                 GOODWIN PROCTER LLP
MGinther@goodwinlaw.com                              100 Northern Avenue
                                                                          Boston, MA 02210
Alexandra D. Valenti (*pro hac vice*)                    (617) 570-1000
James Breen (*pro hac vice*)                               RCarroll@goodwinlaw.com
Timothy Keegan (*pro hac vice*)                          RFrederickson@goodwinlaw.com
Arsh Raince (*pro hac vice*)                                SBluni@goodwinlaw.com
Danit Maor (*pro hac vice*)                                  ALu@goodwinlaw.com
GOODWIN PROCTER LLP                                   GCedrone@goodwinlaw.com
620 Eighth Avenue                                              WEvans@goodwinlaw.com
New York, NY 10018
(212) 813-8800
AValenti@goodwinlaw.com
JamesBreen@goodwinlaw.com
TKeegan@goodwinlaw.com
ARaince@goodwinlaw.com
DMaor@goodwinlaw.com                                   *Attorneys for Plaintiff Insulet Corporation*