RIN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

INSULET CORPORATION,

   *Plaintiff*,

v.

EOFLOW CO., LTD.; EOFLOW, INC.;
NEPHRIA BIO, INC.; JESSE J. KIM (a/k/a
JAE JIN KIM); LUIS J. MALAVE; STEVEN
DIIANNI; and IAN G. WELSFORD,

   *Defendants*.

Case No. 1:23-cv-11780-FDS

**EOFLOW'S REPLY RE: MAINTAINING STATUS QUO**

EOFlow remains committed to the Court's directive to find a way to maintain the status quo that fairly preserves the company's ability to survive through a meaningful appeal while ensuring that EOFlow cannot use the delay to its advantage or Insulet's detriment. H'rg Tr. at 19:24-20:25, Jan. 3, 2025. EOFlow respectfully concurs that after judgment is entered, "fairness requires that, in some form or another, that either be stayed or some equivalent of a stay to permit a proper appeal to be taken" though the details need to be determined. *Id*. at 20:1-6. Honoring the Court's instructions, EOFlow offered to voluntarily submit to onerous business restrictions to appropriately maintain the status quo through an appeal. ECF No. 880.

Rather than provide a constructive proposal or counterproposal for a stay or equivalent of a stay pending appeal, Insulet offers only negativity and rhetoric. ECF No. 911. But EOFlow remains committed to finding an appropriate solution. Insulet raises three purported deficiencies in EOFlow's proposed conditions. *Id*. at 3-4. EOFlow is willing to voluntarily submit to restrictions through the duration of an appeal that address the first two issues: (1) EOFlow will not share any asserted Insulet trade secret information with any third-party company or the general public; and (2) EOFlow will not file any new patent applications. *See id*. at 3. However, Insulet's third issue amounts to a demand that EOFlow be enjoined from selling its product in its current markets (*see id*. at 3-4), which would promptly put EOFlow out of business rather than essentially maintain the status quo through an appeal. As explained in EOFlow's opposition to Insulet's permanent injunction motion, Insulet has not demonstrated any existing or likely competitive injury caused by EOFlow's sales to a relatively small number of patients in Korea (where Insulet

does not operate) and a few European countries.[1]  EOFlow remains committed to not expanding EOPatch sales to any additional market where Insulet sells the Omnipod and other business restrictions as reiterated below.

Insulet also acknowledges that "no bond is required if . . . the bond would put the defendant's other creditors in undue jeopardy." *Acevedo-Garcia v. Vera-Monroig*, 296 F.3d 13, 17 (1st Cir. 2002) (citation omitted).  That circumstance is present here where a bond for the full amount of money judgment plus 10% would be nearly $500 million.  If needed, EOFlow is willing to provide a certified submission to the Court regarding its third-party creditors who would be put in undue jeopardy.

Insulet also notes that a stay of any injunctive order can be appropriate under the standard four-part test applied to injunctions generally.  *Acevedo-Garcia*, 296 F.3d at 16 & n.3.  For the reasons detailed in EOFlow's opposition to Insulet's motion for permanent injunction, Insulet failed to prove that those factors are satisfied in this case.  Nevertheless, EOFlow remains willing to voluntarily submit to the effective injunctive conditions outlined below.

In view of Insulet's submission and the foregoing points, EOFlow respectfully proposes the following voluntary restrictions, all of which are to be maintained through appeal except as may be otherwise required by law or Court order:

---

[1] Any bar on ongoing sales in EOFlow's existing markets in Europe would also adversely impact third-party Menarini (the sole distributor of the EOPatch product in Europe) and EOFlow's contractual obligations with Menarini, as addressed in EOFlow's opposition to Insulet's injunction motion (which points are hereby incorporated by reference).  EOFlow did not understand the Court's directive to submit briefing on maintaining the "status quo" to invite any argument or request to *disrupt* the status quo by cutting off patients' access to ongoing diabetes treatment with the EOPatch product in Europe while an appeal is pending, as Insulet's submission suggests.  To the extent the Court were to entertain any such possibility, EOFlow respectfully requests the opportunity to be heard further on this issue.

1. EOFlow will not expand any insulin or diabetes product sales to any additional countries where Insulet currently sells the Omnipod.

2. EOFlow will not open any new manufacturing facilities making patch pump products.

3. EOFlow will not liquidate or distribute company assets for non-business purposes, such as transfers or transactions that do not contribute to EOFlow's continued existence and operation as a company.

4. EOFlow will not provide any new salary increases or new stock/options distributions to employees and directors (subject to any preexisting pre-verdict contractual obligations).

5. EOFlow will not file any new regulatory submissions for insulin or diabetes related products in any territory where Insulet sells the Omnipod.

6. EOFlow will not disclose any asserted Insulet trade secret information to any third-party company or to the general public.

7. EOFlow will not file any new patent applications (setting aside potential "continuation" or "divisional" applications that maintain the same substantive descriptive content of preexisting applications).

8. If requested, EOFlow will provide to the Court a certified identification of third-party creditors who would be put in undue jeopardy by a bond.

Defendants look forward to discussing these issues with the Court at the status conference on February 25, 2025.

Dated: February 14, 2025                    COOLEY LLP

                                            */s/ Adam S. Gershenson*
                                            Michael Sheetz (BBO #548776)
                                            Adam S. Gershenson (BBO #671296)
                                            Zachary Sisko (BBO #705883)

Matthew Oliver (BBO #714134)
Kimberley Scimeca (BBO #780962)
Isabel L. Catanzaro (BBO #712925)
500 Boylston Street, 14th Floor
Boston, MA 02116-3736
(617) 937-2300
msheetz@cooley.com
agershenson@cooley.com
zsisko@cooley.com
moliver@cooley.com
kscimeca@cooley.com
icatanzaro@cooley.com

Lowell Mead (*pro hac vice*)
Reuben Chen (*pro hac vice*)
John Bostic (*pro hac vice*)
Kyung Taeck Minn (*pro hac vice*)
HanByul Chang (*pro hac vice*)
3175 Hanover Street
Palo Alto, CA 94304-1130
(650) 495-5000
lmead@cooley.com
rchen@cooley.com
jbostic@cooley.com
rminn@cooley.com
hanbyul.chang@cooley.com

Elizabeth M. Flanagan (*pro hac vice*)
30 S. 9th Street, 7th Floor
Minneapolis, MN 55402
(312) 881-6383
bflanagan@cooley.com

Dustin Knight (*pro hac vice*)
Jordan Landers (*pro hac vice*)
1299 Pennsylvania Ave, NW, Suite 700
Washington, DC 20004
(202) 842-7800
dknight@cooley.com
jlanders@cooley.com

Alexandra Mayhugh (*pro hac vice*)
Wells Fargo Center, South Tower
355 South Grand Ave. Ste. 900
Los Angeles, CA 90071
(213) 561-3250

-4-

amayhugh@cooley.com

*Counsel for Defendants EOFlow Co., Ltd.; EOFlow, Inc.; and Jesse J. Kim*

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that on February 14, 2025 the foregoing document will be served to all parties.

　　　　　　　　　　　　　　　　　　　　　　　　　/s/ Adam S. Gershenson
　　　　　　　　　　　　　　　　　　　　　　　　　Adam S. Gershenson